**GRAVES v. PARKER et al.** (No. 8268.)

Court of Civil Appeals of Texas. San Antonio. Nov. 20, 1929.

Rehearing Denied Jan. 8, 1930.

748

Newton & Newton and Edwin Sehorn, all of San Antonio, for appellant.

E. L. Early, of San Antonio, for appellees.

SMITH, J. This action was brought by Chas. F. Parker against Amos Graves and his divorced wife, Catherine Graves, to recover upon a promissory note for the principal sum of $500, executed alone by Catherine Graves, individually, during coverture. The note was given to cover the purchase price of a suite of bedroom furniture purchased by Mrs. Graves from Parker's wife, and put into use in the Graves' home before their separation. Parker sought to subject Amos Graves, the husband, to liability upon the obligation (which he did not execute), upon several and alternative grounds: First, that the furniture was purchased with Graves' knowledge and consent, and accepted and used by both husband and wife; second, that the note was executed by Mrs. Graves as the agent of her husband, who did not thereafter repudiate the purchase, but accepted, retained, and used the furniture in the family dwelling; third, and in the alternative, that the furniture was a necessity in the maintenance of the Graves establishment, was used as such by the Graveses, who did not thereafter repudiate the purchase or the binding effect of the note, or offer to return the property to Parker. Amos Graves answered the suit by general demurrer and general denial, and denying under oath the execution of the note by himself or by any one thereunto authorized by him. Mrs. Graves answered that the furniture was purchased for the benefit of the community estate with the knowledge and consent of Amos Graves, her husband, and that the latter was alone liable thereon as upon a community debt. To this answer Amos Graves pleaded that: "Catherine C. Graves had her disabilities of coverture removed, that she was authorized to contract as a feme sole and that she purchased the said furniture and executed her note therefor for her sole use and benefit, that she did not purchase said property for the community estate and prayed that if a judgment be rendered against him that he have judgment over against * * * Catherine C. Graves."

Upon a jury trial judgment was rendered in favor of Parker against both Graves and his divorced wife for the amount of the note, with interest and attorney's fees, and in favor of Catherine Graves over against Amos Graves for a like amount. Amos Graves has appealed.

The record shows that some time prior to the transaction here involved Mrs. Graves entered into a real estate and trading business upon her own account, establishing an office and business under the trade-name of Graves Realty Company, which she operated alone for her exclusive benefit. To aid her in these operations, she went into a district court and procured the removal of the disabilities of her coverture, in which proceeding she was adjudicated to be a "feme sole for trading and mercantile purposes," as provided for in article 4626, Rev. St. 1925. The Graves and Parker families were well acquainted, each with the other, and often visited together in their respective homes. Parker knew of Mrs. Graves' individual business activities, and sought her out in her office for the purpose of selling the furniture involved to her. He dealt with her alone, did not consult her husband, accepted her individual note for the purchase price of the furniture he sold her, did not raise the question of her husband's liability, or request that he join his wife upon the note, but from his conduct at the time seemed quite content to rely upon Mrs. Graves' liability and responsibility for payment of the obligation. In this situation appellant offered to show by testimony that his wife was constantly trading in furniture as a business; that in pursuit of this business she had traded off the furniture in one of the several bedrooms in the community home, and purchased the furniture in controversy here in place of the suite she had so disposed of. The trial court rejected this testimony, or substantial and material portions of it, and appellant complains of this ruling in one of his assignments of error. We think this testimony, and all of it, was admissible, as bearing upon the questions of family necessaries,

of appellant's acquiescence in or ratification of the purchase by his wife, and of his failure to repudiate his wife's course in the matter. If the furniture in the room fitted up with the furniture in controversy was used by Mrs. Graves, as a feme sole, for trading purposes in the prosecution of her individual business as a trader, then it would not constitute a family necessary; the family home being supplied with several sets of like furniture, which was more than sufficient for the ordinary needs of the family; if Mrs. Graves purchased the furniture in the course of her trading business in her capacity as a feme sole, and the seller dealt with her with knowledge of that nature of the transaction, taking her individual note in payment, ignoring her husband in the transaction, and giving him no notice of an intention to hold him liable in the transaction until suit became necessary, and until after the Graveses had been separated, were divorced, and their property rights and liabilities were adjudicated, then the seller's remedy would be restricted to those fixed by his own conduct. The rejected testimony had a material bearing upon these issues, which were sufficiently raised in the pleadings, and it was error to exclude that testimony.

The judgment is reversed, and the cause remanded.